NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0524n.06

No. 19-3125

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| CHARLOTTE AUTRY, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Oct 16, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| WAL-MART STORES, INC., WAL-MART | ) | STATES DISTRICT COURT FOR THE |
| REAL ESTATE BUSINESS TRUST, and | ) | NORTHERN DISTRICT OF OHIO |
| WAL-MART STORES EAST L.P., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE:    MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

PER CURIAM. The district court, exercising its diversity jurisdiction, granted summary judgment in favor of defendants, Wal-Mart Stores, Inc., Wal-Mart Real Estate Business Trust, and Wal-Mart Stores East L.P. (collectively Wal-Mart), on a negligence claim asserted by plaintiff Charlotte Autry. According to Autry, Wal-Mart breached its duty to maintain the parking lot at its Wauseon, Ohio, store in a reasonably safe condition. As a result, Autry asserts that she tripped on a crack in the parking lot, fell, injured her elbow, and dislocated her shoulder. Because the danger identified by Autry was open and obvious, however, Wal-Mart breached no duty owed to Autry. Furthermore, no attendant circumstances diverted Autry's attention and contributed to her fall. We thus find Autry's claims to be without merit as a matter of law and affirm the judgment of the district court for the reasons set forth in the district court's written order in this matter.

The uncontroverted facts before the district court established that Autry visited the Wauseon Wal-Mart store on Super Bowl Sunday, February 7, 2016, to purchase groceries. Because no parking spaces designated for use by handicapped individuals were unoccupied,[1] Autry parked illegally in a no-parking area designated by painted, diagonal stripes. In close proximity to Autry's parked car was a long, narrow, shallow crack in the parking lot surface that extended through the striped area and into the lot between rows of parking spaces. Autry crossed over the crack to get to the store, crossed over it a second time when she returned to her car with her purchases, and crossed it yet a third time when she wheeled her shopping cart to a Wal-Mart employee who was collecting carts in the parking lot. Only as she approached the crack for the fourth time did she trip and fall.

Although Autry claimed she did not see the crack before she fell because she was scanning the lot for vehicles and other pedestrians, she admitted in deposition testimony that had she looked down, she "would have had to have seen it." She also conceded that at the time she fell, her attention was not distracted in any way.

In light of such facts, the district court concluded that the danger posed by the narrow crack was open and obvious and was capable of being observed by an objective, reasonable person. Thus, under relevant Ohio law, absent attendant circumstances that distracted Autry from noticing the crack, Wal-Mart would be entitled to summary judgment on the negligence claim.

Attendant circumstances are those distractions that tend to reduce the degree of care that ordinary individuals would exercise under normal circumstances by "divert[ing] the attention of the injured party, significantly enhanc[ing] the danger of the defect, and contribut[ing] to the injury." *McCoy v. Wasabi House, LLC*, 104 N.E.3d 102, 114 (Ohio Ct. App. 2018) (citation

---

[1] Autry had a placard that authorized her to park in spots reserved for handicap individuals.

omitted). Autry contends that the painted diagonal lines in the area where she parked, the black sealant over part of the crack, signs in the parking lot, the presence of an employee retrieving shopping carts, and vehicular and pedestrian traffic were the type of distractions that would and did keep her from observing the crack over which she tripped. Again, however, the evidence in the record before us indicates unequivocally that Autry was *not* distracted as she approached her car, that she would have seen the crack had she looked down briefly as she walked, and that at the time of her fall, there was almost no vehicular or pedestrian traffic in the immediate area. The district court thus did not err in concluding that "no reasonable juror could find that attendant circumstances distracted Autry's attention, such that the open and obvious doctrine would be inapplicable."

The relevant law and the reasons why summary judgment should be entered for Wal-Mart in this case were articulated ably by the district court in its written order addressing Autry's claims. The issuance of a full written opinion by this court thus would be duplicative and would serve no useful precedential purpose. We thus AFFIRM the judgment of the district court for the reasons set forth in the district court's order of summary judgment filed on January 24, 2019, and reported at 2019 WL 315038.